UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYES JAMES CARRILLO,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,[1]<br><br>    Respondent. | Case No. 1:22-cv-01095-KES-CDB  (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND DECLINE TO ISSUE CERTIFICATE OF APPEALABILITY**[2]<br><br>**14-DAY DEADLINE**<br><br>(Doc. 1) |

On August 22, 2022, Petitioner Reyes James Carrillo ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus alleging two grounds for relief ("Petition"). (Doc. 1). On October 28, 2022, Respondent filed an answer (Doc. 16), arguing Petitioner was not entitled to habeas relief, and lodged the state court record in support (Docs. 14, 14-1 through 14-11). Petitioner did not file a traverse or any other response and the time to do so has expired. For the reasons set forth below, the undersigned recommends that the district court

---

[1] Counsel for Respondent notes that Petitioner is incarcerated at High Desert State Prison, where Rob St. Andre is the warden, and requests the Court substitute Rob St. Andre as Respondent in this matter. (Doc. 16 at 1 n.1). The Court will grant the request and direct the Clerk of Court to substitute Rob St. Andre as Respondent. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (stating proper respondent in federal habeas petition is petitioner's immediate custodian).

[2] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17) (E.D. Cal. 2022).

deny the Petition and decline to issue a certificate of appealability.

## I. PROCEDURAL AND FACTUAL BACKGROUND

A jury in the Merced County Superior Court convicted Petitioner of first-degree murder in violation of Penal Code § 187(a).  (Doc. 14-1 at 61; *see* Doc. 14-9 at 2).[3]  The court sentenced defendant to 55 years to life in prison.  (Doc. 14-1 at 80; Doc. 14-9 at 2).

On appeal, the Fifth Appellate District Court of Appeal summarized the pertinent facts of the underlying offense:[4]

> The incident in this case was captured on a jail surveillance camera. The video depicts several inmates in a cell. About one minute into the video, Carrillo enters the sleeping quarters. Fifteen seconds later, the victim emerges from atop a bunkbed, glances back toward Carrillo, and exits the room while Carrillo follows behind. The victim sits a [*sic*] table and Carrillo begins to sit on the opposite side. Within three seconds, as the victim and Carrillo are face to face, Rincon attacks the victim from behind. Carrillo, before fully sitting, leaps over the table and joins in an attack that lasts nearly 12 minutes. The victim "died several days later."
>
> A forensic pathologist testified "blunt-impact head injuries" caused death. Those injuries included a broken nose, broken bones near the eyes, "lacerations and impacts to [the] face and … scalp," and blood clogging "the airways into the back of [the] throat" resulting in "irreversible brain injury."

(Doc. 14-9 at 2).  The appellate court instructed the trial court to correct a clerical error in the abstract of judgment but otherwise affirmed Petitioner's conviction.  (*Id.* at 5).  On December 22, 2021, the California Supreme Court summarily denied review.  (Doc. 14-11).

Petitioner now presents two grounds for relief, arguing that there was insufficient evidence to (1) support premeditation and deliberation, and (2) support lying in wait.  (Doc. 1 at 4-9).

## II. STANDARD FOR FEDERAL HABEAS RELIEF

A federal court's statutory authority to issue habeas corpus relief for persons in state custody is set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  AEDPA requires a state prisoner seeking federal habeas relief to

---

[3] Record citations herein are to the CM/ECF-assigned pages.

[4] These facts are entitled to a presumption of correctness.  *See* 28 U.S.C. § 2254(e)(1); *Crittenden v. Chappell*, 804 F.3d 998, 1010-11 (9th Cir. 2015).

first "exhaust[t] the remedies available in the courts of the State."[5] 28 U.S.C. § 2254(b)(1)(A). Where the state court adjudicates the claim on the merits, a petitioner is not entitled to habeas relief unless the adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Deciding whether a state court's decision 'involved' an unreasonable application of federal law or was 'based on' an unreasonable determination of the facts requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). When the state court's decision "does not come accompanied with [its] reasons" for the decision, a federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* However, when there is no reasoned decision to "look through," it may be presumed—in "the absence of any indication or state-law procedural principles to the contrary"—that the state court adjudicated the claim on the merits and the petitioner must show "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98-99 (2011).

Under 2254(d)(1), a decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new

---

[5] The statute allows for limited exceptions inapplicable here. *See* 28 U.S.C. § 2254(b)(1)(B).

3

context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington*, 62 U.S. at 101. The petitioner must show that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "State courts are accorded substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination." *Marks v. Davis*, 106 F.4th 941, 949 (9th Cir. 2024) (citations and quotation marks omitted) (quoting *Brumfield v. Cain*, 576 U.S. 305, 314 (2015)).

### III.  ANALYSIS

Petitioner exhausted his sufficiency of the evidence claims by presenting them to the state courts on direct review and Respondent does not dispute that Petitioner has exhausted these claims. Accordingly, the claims must be evaluated under the deferential AEDPA standard. Because the California Supreme Court summarily denied Petitioner's request for review, this Court looks to the opinion of the Fifth Appellate District as the last reasoned decision. *See Wilson*, 584 U.S. at 125.

#### A. Background

On direct appeal, Petitioner challenged the sufficiency of the evidence to support either a theory of premeditation and deliberation or a theory of lying in wait. (*See* Doc. 14-6 at 11-25). The appellate court rejected Petitioner's arguments, explaining:

> To prove first degree murder, the prosecutor argued two theories. First, the murder was willfully committed with premeditation and deliberation. Second, the murder was committed by lying-in-wait. Carrillo argues the evidence insufficiently proved both theories. We find the evidence sufficient to prove the former theory and need not address the latter.

4

"Upon a challenge to the sufficiency of evidence for a jury finding, we ' " ' "review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence — that is, evidence which is reasonable, credible, and of solid value — such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' " ' " (*People v. Rivera* (2019) 7 Cal.5th 306, 323.) In general, evidence " 'sufficient to sustain a finding of premeditation and deliberation falls into three basic categories': (1) facts about planning activity 'prior to the actual killing which show[s] that the defendant was engaged in activity directed toward, and explicable as intended to result in, the killing'; (2) 'facts about the defendant's prior relationship and/or conduct with the victim from which the jury could reasonably infer a "motive" to kill the victim'; and (3) 'facts about the nature of the killing from which the jury could infer that the manner of killing was so particular and exacting that the defendant must have intentionally killed according to a "preconceived design." ' " (*Id.* at p. 324.) These categories " 'are descriptive and neither normative nor exhaustive ….' " (*Ibid.*)

" 'A first degree murder verdict will be upheld if there is sufficient evidence as to at least one of the theories on which the jury is instructed, "absent an affirmative indication in the record that the verdict actually did rest on the inadequate ground." ' " (*People v. Suarez* (2020) 10 Cal.5th 116, 170.) The evidence in this case is sufficient to prove premeditation and deliberation.

The video evidence depicts a coordinated, planned attack by Carrillo and Rincon. The victim is not visible on video for more than a minute. He emerges from a bed about 15 seconds after Carrillo enters the room. The victim walks straight to a table in the other room as Carrillo follows closely behind. The jury could reasonably infer Carrillo summoned the victim to get out of bed and sit at the table.

Next, within three seconds of sitting, Rincon attacks the victim from behind; Carrillo, not yet fully seated, instantly leaps over the table and joins the attack. In fact, Carrillo is so quick to attack the victim he reaches the floor faster than the victim falls off his seat.

The haste with which Carrillo attacks the victim is conclusive. His lack of hesitation readily connotes coordination. Coordination implies planning. Planning signifies premeditation.

The attack's lengthy duration and brutality leaves no room to doubt Carrillo's intention: "The systematic and prolonged assault with manifestly deadly force on the helpless victim is consistent only with an intent to kill." (*People v. Cudjo* (1993) 6 Cal.4th 585, 630.) Combined, Carrillo's unrelenting intent to kill and the fact he helped orchestrate the attack by leading the victim to the table amply prove deliberation. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1020 ["prolonged" nature of homicidal act "affords ample time for the offender to consider the nature of his deadly act."].) Accordingly, the evidence sufficiently proved first degree murder.

5

1  (Doc. 14-9 at 3-4 (footnote omitted)).  The appellate court clarified that it did not separately
2  address the "lying-in-wait theory because there [was] no indication the jury relied on that theory."
3  (*Id.* at 4 n.3).

### B. Law and Analysis

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  Under *Jackson v. Virginia*, 443 U.S. 307 (1979), which sets forth the federal standard for determining a sufficiency of the evidence claim, such a claim "can only succeed when, viewing all the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson v. Montgomery*, 899 F.3d 1052, 1056 (9th Cir. 2018).  Federal courts look to state law for the elements of the specific offense at issue.  *Maquiz v. Hedgpeth*, 907 F.3d 1212, 1218 (9th Cir. 2018).  When a federal habeas court reviews an insufficiency claim previously rejected on the merits by the state court, "a second level of deference applies under AEDPA" such that, to prevail, a petitioner must show that the "state court's determination that a rational jury could have found each required element proven beyond a reasonable doubt was not just wrong but was objectively unreasonable." *Johnson*, 899 F.3d at 1056-57.

In California, murder is statutorily defined as "the unlawful killing of a human being, or a fetus, with malice aforethought."  Cal. Pen. Code § 187(a).  Murder "that is perpetrated by means of … lying in wait … or by any other kind of willful, deliberate, and premeditated killing" is considered first-degree murder.  Cal. Pen. Code § 189(a).  "In this context, premeditated means considered beforehand, and deliberate means formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action." *In re Lopez*, 14 Cal. 5th 562, 580 (2023) (quotation marks omitted).  "An intentional killing is premedicated and deliberate if it occurred as the result of preexisting thought and reflection rather than unconsidered or rash impulse."  *Id.*  Lying in wait "is a means of proving first degree murder."  *People v. Sandoval*, 62 Cal. 4th 394, 416 (2015); *see People v. Russell*, 50 Cal. 4th 1228, 1257 (recognizing "lying in wait and deliberate and premeditated theories of murder are

1 simply different means of committing the same crime").

2 Petitioner "contends a finding he intended to kill with premeditation and deliberation, or that he killed by means of lying in wait, could not be gleaned solely from the video." (Doc. 1 at 4). As an initial matter, while Petitioner challenges the sufficiency of the evidence to support both a premeditation and deliberation theory and a lying in wait theory, he was convicted of a single count of murder without any indication of which theory the jury relied on. Because both these theories "are simply different means of committing the same crime," *see Russell*, 50 Cal. 4th at 1257, Petitioner's grounds present a single issue—whether sufficient evidence supports his first-degree murder conviction.

The state appellate court rejected Petitioner's argument that there was insufficient evidence to support his conviction, and Petitioner fails to explain how that decision was wrong or objectively unreasonable as required to show habeas relief warranted. Further, a review of the video in question reveals that sufficient evidence supported Petitioner's conviction. The video shows Petitioner and his codefendant, Steven Rincon, conversing in one room of the cell with two other inmates present. The two other inmates and Petitioner move to the bedroom of the cell while Rincon moves to the back toilet area of the cell. Petitioner approaches Bonilla in the bedroom and follows Bonilla to the other room. Bonilla sits down at a table in the position closest to Rincon and Petitioner moves to sit across from Bonilla. Before Petitioner is fully seated, Rincon rushes Bonilla and strikes him. Petitioner immediately jumps over the table and Petitioner and Rincon beat Bonilla continuously for approximately two minutes and intermittently over the following eight minutes.[6]

Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Petitioner acted with premeditation and deliberation as required to support a first-degree murder conviction. As such, the state court's rejection of Petitioner's sufficiency of the evidence claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable

---

[6] Although not discussed by the state court, the video also shows one of the other inmates in a position consistent with standing guard or watching for correctional officers while the attack occurred.

7

1  determination of the facts.  The undersigned recommends that the Petition be denied.

2  **IV.    CERTIFICATE OF APPEALABILITY**

3  "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application." *Miller-El v. Cockell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing § 2254 Cases requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing for claims rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim is rejected on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a certificate of appealability.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, the undersigned recommends that the court decline to issue a certificate of appealability.

**V.     RECOMMENDATION AND ORDER**

For the reasons set forth above, the Court **ORDERS** the Clerk of the Court to substitute Rob St. Andre as Respondent in the case caption of the docket.  Further, it is

**RECOMMENDED**:

1. Petitioner be DENIED all relief on his Petition for Writ of Habeas Corpus (Doc. 1); and

2. Petitioner be denied a certificate of appealability.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **14 days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 18, 2025**

UNITED STATES MAGISTRATE JUDGE